# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| FREDERICKA T. HOLLAND | CIVIL ACTION NO. 03-2087 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| QUESTAR EXPLORATION & PRODUCTION COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is defendant Questar Exploration and Production Company's ("Questar") appeal of two magistrate judge decisions. (Record Documents 46). Questar is appealing Magistrate Judge Hornsby's February 10, 2005 memorandum ruling (Record Document 38) and June 7, 2005 memorandum order (Record Document 44) concerning plaintiff Fredericka Thatcher Holland's ("Holland") motions for leave to amend her complaint to add new defendants. Based on the following, the Court **AFFIRMS** Magistrate Judge Hornsby's rulings, and, accordingly, **REMANDS** this case to state court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 2003, Holland filed a Verified Petition for Cancellation of Oil, Gas and Mineral Lease and Damages in the 26th Judicial District Court, Bossier Parish, Louisiana. See Record Document 1. In her petition, Holland sought an award of damages and attorney's fees and also claimed that the 1972 mineral lease between her and Questar should be cancelled due to, among other things, Questar's alleged failure to timely commence drilling operations under the lease, failure to maintain the lease by production in paying quantities, and bad faith operations on the lease premises. See id. Questar filed an answer and a notice of removal to this court based on diversity of citizenship on

November 12, 2003.  See Record Document 4 & 5.  An order of removal was issued on November 18, 2003.  See Record Document 8.

On November 22, 2004, Holland timely filed a Motion for Leave to File Plaintiff's First Amended Complaint.  See Record Document 33.  Questar opposed the motion.  See Record Document 35.  The proposed amended complaint was virtually identical to Holland's original complaint, except that she sought to add new defendants as "working interest owners" and "royalty interest owners."  See Record Document 39.  Although there was incomplete information as to the domicile of the newly proposed defendants, Holland did allege that one or more of the new defendants resided or conducted their business in Louisiana.  See id.

On February 10, 2005, Magistrate Judge Hornsby granted Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint.  See Record Document 38.  First, the magistrate judge found that the working interest owners and the royalty interest owners were indispensable parties under Federal Rule of Civil Procedure 19.  See id. at 5.  Further, the Court reviewed the factors set forth in Hensgens v. Deere & Company, 833 F.2d 1179 (5th Cir. 1987), and found that the Hensgens factors supported leave to amend.  After the February 10, 2005 ruling, the court did not enter a remand order; rather, it ordered the parties to engage in expedited discovery to determine the citizenship of the new defendants.  See id. at 7.  After making the citizenship determinations, Holland was ordered to file a motion for leave to file a new amendment to her complaint on or before April 15, 2005.  See id. at 7.  The magistrate judge delayed any appeal of the February 10, 2005 ruling until ten days after entry of the order of remand.  See id. at 7.

On April 15, 2005, Holland filed a Motion for Leave to File Second Amended

Complaint.  See Record Document 41.  Questar again opposed the amendment.  See Record Document 43.  Magistrate Judge Hornsby granted the motion, stating that the analysis of his February 10, 2005 memorandum ruling remained correct.  See Record Document 44.  The magistrate judge further found that some of the new defendants were not diverse from Holland; thus, he remanded the case to state court, subject to a stay throughout the pendency of any appeal to the district judge.  See id.

On June 22, 2005, Questar appealed the magistrate judge's February 10, 2005 and April 15, 2005 rulings to the district court.  See Record Document 46.  Holland opposes such appeal.  See Record Document 48.

## II.   STANDARD OF REVIEW

Title 28, United States Code, Section 636(b)(1)(A) lists specific dispositive motions that a magistrate judge may not conclusively decide.  Magistrate Judge Hornsby's two decisions allowing Holland to amend her complaint and add additional defendants are matters not listed in section 636(b)(1)(A).  Thus, Magistrate Judge Hornsby's February 10, 2005 memorandum ruling and his June 7, 2005 memorandum order are not recommendations to the district court, which normally require de novo review under Federal Rule of Civil Procedure 72.  Rather, the two rulings are orders from the magistrate judge on non-dispositive matters that require the district court to uphold the rulings unless it is clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

## III.   ANALYSIS

Questar appeals the magistrate judge's decisions allowing Holland to amend her

complaint and add twenty new defendants, arguing that such decisions were based on a "fundamental misunderstanding and misapplication of Louisiana mineral law." Record Document 46 (Memorandum in Support of Magistrate Appeal) at 1. Questar maintains that Holland amended her complaint simply to destroy diversity jurisdiction and identified two main issues for this Court's review: (1) do overriding royalty interest owners and/or non-operating working interest owners constitute real parties in interest who are indispensable or necessary for a full resolution of Holland's claims; and (2) do the Hensgens factors prohibit Holland's attempt to amend her complaint and defeat diversity jurisdiction? See Record Document 46 at 2.[1]

### A. Indispensable Parties under Federal Rule of Civil Procedure 19.

In his February 10, 2005 ruling, Magistrate Judge Hornsby stated that "the primary thrust of [Holland's] original, as well as [her] amended complaint, is for *cancellation* of the [mineral] lease, and there is no question that cancellation of the lease will adversely affect the interests of the Royalty Interest Owners and Working Interest Owners in a significant way." Record Document 38 at 5. Thus, the magistrate judge concluded that the royalty interest owners and working interest owners were indispensable parties under Federal Rule of Civil Procedure Rule 19. In reaching this decision, the magistrate judge relied on Fifth Circuit jurisprudence, Hilton v. Atlantic Refining Company, 327 F.2d 217, 218 (5th Cir. 1964) (reasoning that "an indispensable party is one whose relationship to the matter in

---

[1] This is not a case involving fraudulent joinder. See Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999) (stating that "the fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed. This court's caselaw reflects that the doctrine has permitted courts to ignore (for jurisdictional purposes) only those non-diverse parties *on the record in state court at the time of removal*.).

controversy in a suit in equity is such that no effective decree can be entered without affecting his rights. Typical of such equitable suits are suits to cancel or rescind."), Tardan v. California Oil Company, 323 F.2d 717, 722-23 (5th Cir. 1963) (discussing indispensable parties in cases involving claims for monetary damages versus actions involving title to property), and Keegan v. Humble Oil & Refining Company, 155 F.2d 971 (5th Cir. 1946).

Questar questions the magistrate judge's rulings, arguing that this lawsuit should be limited to two parties, as the only person with any obligation to Holland under the 1972 mineral lease is the operator and lessee of the lease, Questar. See Record Document 46 at 6-7. As argued by Questar, "the additional defendants have nothing more than a passive, tangential and purely ancillary relationship to the mineral lease." Id. at 7. Further, Questar contends that the magistrate judge's ruling that the royalty interest owners and working interests owners are indispensable parties under Rule 19 was a "fundamental error [that] misconstrues the true nature of [such] interest[s] under Louisiana Mineral Law." Record Document 46 at 10.[2]

The Court finds Questar's arguments unpersuasive and concludes that Magistrate Judge Hornsby's ruling that the royalty interest owners and working interest owners were indispensable parties under Rule 19 was not clearly erroneous or contrary to law. The clearly erroneous standard dictates that the district court must affirm the magistrate judge's ruling unless the district court has the definite and firm conviction from all the evidence that

---

[2]Questar also relies on Haby v. Stanolind Oil & Gas Company, 228 F.2d 298 (5th Cir. 1956), for the broad principle that "royalty interest owners are not indispensable parties." Record Document 46 at 29. This Court finds that Haby does not stand for such a broad principle, as the Haby court simply stated that "*in the instant case*, the Court can do justice between the parties without affecting any party not before the Court, and therefore no indispensable party is absent." Haby, 228 F.2d at 301.

error has occurred.  See Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458, 1461-62 (10th Cir.1988).

Here, the magistrate judge's rulings are consistent with Louisiana Revised Statute 31:212.31(A)(3) and Louisiana Revised Statute 31:213(5).  Louisiana Revised Statute 31:212.31(A)(3) states that "'interest owner' means a person owning a royalty interest or a working interest in an oil or gas well or unit."  Louisiana Revised Statute 31:213(5) states, in pertinent part, that "'royalty,' as used in connection with mineral leases, means any interest in production, or its value, from or attributable to land subject to a mineral lease, that is deliverable or payable to the lessor or others entitled to share therein."  The aforementioned statutes illustrate, just as stated by the magistrate judge, that cancellation of the 1972 mineral lease would adversely affect the interests and rights of the royalty interest owners and working interest owners in a significant way.

Further, Magistrate Judge Hornsby reviewed not only Fifth Circuit controlling case law, but also persuasive case law from other jurisdictions in reaching his conclusion that the working interest owners and the royalty interest owners were indispensable parties under Rule 19.  After reviewing the case law cited by the magistrate judge, Holland, and Questar, this Court agrees that a key issue in this case is that Holland seeks, in addition to monetary damages, cancellation of the 1972 mineral lease in effect between her and Questar.  Cancellation of the mineral lease would adversely affect the interests of both the working interest owners and the royalty interest owners.  Specifically, this Court places great weight on the Fifth Circuit's Hilton ruling, wherein the court stated that "an indispensable party is one whose relationship to the matter in controversy in a suit in equity is such that no effective decree can be entered without affecting his rights.  Typical of such

equitable suits are suits to cancel or rescind." Hilton, 327 F.2d at 218. Based on the foregoing, this Court cannot say that Magistrate Judge Hornsby's ruling that the working interest owners and the royalty interest owners were indispensable parties under Rule 19 was clearly erroneous or contrary to law. The Court is not left with a definite and firm conviction, after reviewing the record, that error has occurred. See Ocelot, 847 F.2d at 1461-62.[3]

### B. Hensgens Factors.

Questar also argues on appeal that "the Magistrate Judge misguidedly proceeded topsy-turvy by analyzing indispensability before considering the Hensgens factors." Record Document 46 at 12. Simply put, Questar contends that the magistrate judge "erred by erroneously treating Hensgens as an afterthought as opposed to the rightful focus of

---

[3]In its appeal brief, Questar states that "numerous cases regarding the viability of a particular mineral lease have been decided by federal courts without joining non-operating working interests and royalty interest owners." See Record Document 46 at 27. According to Questar, one such case is Energy Management Corporation v. City of Shreveport, 397 F.3d 297 (5th Cir. 2005) ("the EMC case"). Questar argues that because the trial judge and the Fifth Circuit reached the merits of the EMC case without "requiring any mass joinder of all working interests, royalty interest owners or other interested third parties," that case stands for the principle that royalty interest owners and working interest owners in the instant case are not indispensable parties. Record Document 46 at 28.

This Court disagrees and disintinguishes Energy Management Corporation from the instant case on multiple grounds. First, the EMC case pertains to a mineral lessee challenging the validity of a Shreveport city ordinance relating to drilling within 1,000 feet of Cross Lake, not the cancellation of a mineral lease. Further, in the EMC case, neither the parties nor the court raised the issue of indispensability under Federal Rule of Civil Procedure 19; thus, indispensability was simply not an issue in that case as it is in the case before this Court.

Also relating to the EMC case, counsel for Holland requests that the portion of Questar's brief discussing the EMC case be stricken from the public record. See Record Document 48 at 3. The motion to strike is based on confidentiality concerns, as the counsel involved in the instant case are also involved in the EMC case. The Court finds that Questar's brief does not breach the duty of confidentiality and denies the motion to strike.

analysis." Record Document 46 at 5. This Court disagrees with Questar's "afterthought" argument due to Magistrate Judge Hornsby's statement that:

> Because this court finds that the Working Interest Owners and Overriding Royalty Interest Owners are indispensable parties to Plaintiff's action for cancellation of the lease, consideration of the Hensgens factors is unnecessary. Be that as it may, an evaluation of the Hensgens factors supports this court's decision to grant leave to amend.

Record Document 38 at 5. Thus, it is clear that even if the magistrate judge had not treated the Hensgens factors as a so-called "afterthought," the end result, i.e., granting leave to amend, would have been the same. Further, in Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 474 (5th Cir. 2001) (citing Hensgens, 833 F.2d at 1182) (emphasis added), the court clearly stated that "the Hensgens factors guide the court in whether to allow an amendment to add a '***nondiverse nonindispensable party***.'"

Moreover, this Court finds that the magistrate judge's application of the Hensgens factors to the instant case was not clearly erroneous or contrary to law. The magistrate judge correctly noted that the court was to scrutinize Holland's proposed amendment more closely and balanced Questar's interests in maintaining its federal forum with the competing interest of not having parallel lawsuits. The magistrate judge also employed the Hensgens factors,[4] stating that while there might be some implication that Holland preferred state court over federal court, there was no reasonable basis for concluding that Holland was dilatory in seeking leave to amend. The Court agrees with this finding, as

---

[4] The Hensgens factors include (1) the extend to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182.

there is evidence in the record that Holland, less than twenty-five days after removal, propounded interrogatories and requests for production of documents to Questar specifically pertaining to the issue of other interest owners in and to the mineral lease. Moreover, the magistrate judge again noted that while Holland may not be injured if the requested amendment was not allowed, the interests of the indispensable working interest owners and the royalty interest owners would be significantly impacted or injured if the motion for leave to amend was denied. Further, the magistrate judge pointed to "other factors bearing on the equities," such as:

> Important principles of equity and judicial economy demand that those interests be taken into account in the same proceeding. Moreover, Questar's contention that the rights of the Working Interest Owners and Royalty Interest Owners can wait for determination in a subsequent action between Questar and those parties, if necessary, simply invites a multiplicity of actions.

Record Document 38 at 6.

After reviewing the record, this Court cannot say that the magistrate judge's ruling as to the Hensgens factors was clearly erroneous or contrary to law. As stated previously, Questar's "afterthought" argument fails, as Fifth Circuit case law states that Hensgens applies in cases involving "nondiverse nonindispensable part[ies]" and the magistrate judge stated that even though consideration of the Hensgens factors was unnecessary, an evaluation of the Hensgens factors also supports the decision to grant leave to amend. Further, noting the fact that there is no real evidence that Holland was dilatory in seeking leave to amend and in light of the other factors bearing on the equities of the instant case, this Court is not left with a definite and firm conviction from all the evidence that error occurred in the application of the Hensgens factors to the instant case.

## IV. CONCLUSION

Based on the foregoing, Magistrate Judge Mark Hornsby's February 10, 2005 memorandum ruling (Record Document 38) and his June 7, 2005 memorandum order (Record Document 44) were not clearly erroneous or contrary to law. Accordingly, the rulings allowing Plaintiff Fredericka Thatcher Holland to amend her complaint and add additional defendants are **AFFIRMED**. This case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 23rd day of February, 2006.

*S. Maurice Hicks*
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE